# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-2482

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

D'MARCUS MASON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 01 CR 23—**Sarah Evans Barker**, *Judge.*

_____

SUBMITTED AUGUST 25, 2003—DECIDED SEPTEMBER 9, 2003

_____

Before POSNER, EASTERBROOK, and DIANE P. WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* D'Marcus Mason was sentenced to 135 months in prison for a drug offense, having pleaded guilty pursuant to a plea agreement, and he filed a timely notice of appeal. Although he has not yet filed his opening brief, the government has moved to dismiss the appeal, arguing that we lack jurisdiction because Mason waived his appeal rights as part of a plea agreement. (In fact a waiver of appeal rights does not deprive us of our appellate jurisdiction, although it is a ground for dismissing the appeal.) Mason's counsel has filed a response in which he

agrees that the appeal should be dismissed because of the waiver and asks for leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), which authorizes a criminal defendant's lawyer to withdraw from the representation of his client on appeal if there are no nonfrivolous grounds for an appeal. The novelty that gives rise to this opinion is a motion by counsel in a criminal case to withdraw by filing a response to a motion to dismiss, rather than by filing a formal *Anders* brief when the opening brief on appeal is due.

A waiver of appeal even in a criminal case is normally valid and binding, e.g., *United States v. Nave*, 302 F.3d 719, 720-21 (7th Cir. 2002); *United States v. Brown*, 328 F.3d 787, 788 (5th Cir. 2003); *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003); but it "does not, in every instance, foreclose review." *United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002). The plea agreement containing the waiver may have preserved some issue for appeal. *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000). Or, if the plea agreement turns out to be unenforceable, maybe because the government committed a material breach or the plea was involuntary on the part of the defendant, the waiver falls with the agreement and the appellant can appeal. *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997); *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002); *United States v. Keresztury*, 293 F.3d 750, 759-60 (5th Cir. 2002).

Ordinarily the government urges waiver of appeal after the defendant has filed either a merits brief or an *Anders* brief. But in this case the government decided not to wait for the opening brief to be filed (which is when an *Anders* brief would be due), instead moving to dismiss the appeal only a month after it was docketed and three months before Mason's opening brief was due. The government cannot be faulted for proceeding thus. It has a right to file a motion to

dismiss an appeal before briefing is completed, or for that matter begun. Rule 27 of the Federal Rules of Appellate Procedure, which governs motions in appeal proceedings, does not specify when a motion to dismiss can be filed; and appellees are urged to move to dismiss frivolous appeals before briefing, in order to save the parties' money and the court's time. *Brooks v. Allison Division of General Motors Corp.*, 874 F.2d 489 (7th Cir. 1989) (chambers opinion). However, by moving as it did, the government put pressure on Mason's counsel to decide quickly whether his client might have any nonfrivolous ground for appeal. Rule 27(a)(3)(A) allows only eight business days to respond to a motion, though the time can be extended by the court. *Id.* Eight days (ten, if the weekend is included) is a short time for a defendant's lawyer to comply with the duty imposed by the *Anders* decision, which is not just to assert that there are no nonfrivolous grounds of appeal but to substantiate the assertion by discussing any ground of appeal *conceivably* supported by the record. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). The client, moreover, is entitled to respond to his counsel's motion to withdraw, *id.*; 7th Cir. R. 51(b), since the normal sequel to the grant of the *Anders* motion is to affirm the judgment summarily.

So by filing the motion to dismiss, the government effectively shortened by several months (barring such extensions of time as the court might grant) the time that counsel had in which to assess Mason's case and file a brief that, if he believed Mason's appeal waiver unarguably valid, would comply with *Anders.* Yet despite this handicap, counsel was able to prepare a response that is the full equivalent of an *Anders* brief. He states in the response that he has reviewed the entire record and given the case thorough consideration, and his statement is corroborated by the detailed discussion in the response of the facts of the

case, of the language of the appeal waiver, and of the Rule 11 colloquy. The response discusses several potential challenges to the waiver but concludes that all would be frivolous. It would be the height of formalism to refuse to treat the response to the motion to dismiss as an *Anders* brief merely because it is not labeled a brief and was not filed when the opening brief in the appeal was due. *United States v. Gomez-Perez*, 215 F.3d 315, 320-21 (2d Cir. 2000) (per curiam). We are therefore directing our Clerk to send Mason a copy of his counsel's response, and he will have the usual opportunity to respond pursuant to 7th Cir. R. 51. For the sake of judicial economy, the appeal will then be submitted to this motions panel.

It should go without saying that when the government moves to dismiss a criminal appeal, the appellant's lawyer will be entitled to any extensions of time for responding that he may need in order to be able to satisfy the obligations imposed by *Anders*.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—9-9-03