**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**D'Marcus MASON, Defendant–**
**Appellant.**

No. 03–2482.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 9, 2003.

Decided Jan. 8, 2004.

John Earl Dowd, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

D'Marcus Mason, pro se, Terre Haute, IN, for Defendant–Appellant.

Before Hon. RICHARD A. POSNER, Hon. FRANK H. EASTERBROOK, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

D'Marcus Mason pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and § 841(a)(1). The district court sentenced him to 135 months' imprisonment, five years' supervised release, and a $100 special assessment. Mason filed a timely notice of appeal. Shortly thereafter the government moved to dismiss the appeal, asserting that we lack jurisdiction because Mason had waived his appeal rights as part of his plea agreement. Mason's appointed appellate counsel responded to the motion, agreeing that Mason lacked a non-frivolous basis for appeal in light of the waiver and requesting leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This panel, then the motions panel, deemed counsel's

response to the government's motion as equivalent to an *Anders* brief, and directed that Mason be afforded the normal opportunity under Circuit Rule 51(b) to respond to his lawyer's request to withdraw. *See United States v. Mason*, 343 F.3d 893, 894–95 (7th Cir.2003). For the sake of judicial economy we also retained the case for determination on the merits. *Id.* at 895. Mason never responded, and because counsel's submission is facially adequate, we limit our review to the potential issues counsel identifies.[1] *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

An appeal waiver entered into knowingly and voluntarily is valid and binding. *See Mason*, 343 F.3d at 893–94; *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir.1997). We have recognized, however, that a waiver "does not, in every instance, foreclose review." *United States v. Sines*, 303 F.3d 793, 798 (7th Cir.2002). For example, the plea agreement may have preserved some issue for appeal, or the appeal waiver itself may be limited in scope. *See Bridgeman v. United States*, 229 F.3d 589, 591–92 (7th Cir.2000); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir.2000). Waivers must also stand or fall with the plea agreement, so if the agreement is unenforceable the appellant is entitled to appeal. *Woolley*, 123 F.3d at 632.

Mason's plea agreement provided that he "expressly waives the right to appeal the conviction and sentence imposed in this case on any ground" if the district court sentenced him within the guideline range for offense level 33. The court did in fact sentence him at the low end of that range. We therefore agree with counsel that this broad, unambiguous waiver bars Mason's appeal, so long as it was entered into knowingly and voluntarily.

1. For simplicity we refer to counsel's response to the government's motion as a brief.

In his brief counsel considers whether Mason could argue that his guilty plea was not knowing and voluntary because the district court failed to fully comply with Federal Rule of Criminal Procedure 11. But Mason has not indicated that he wants to withdraw his guilty plea, and so counsel need not have explored this potential argument. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). In any event we agree with counsel that an argument based on Rule 11 would be frivolous, because the transcript of the plea colloquy shows that the district court substantially complied with the rule.

Counsel also discusses in general terms a potential argument based on ineffective assistance of counsel. Claims about trial counsel's ineffectiveness are rarely appropriate for direct appeal because their resolution often depends on evidence outside the trial record. *See Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694–95, 155 L.Ed.2d 714 (2003); *United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2001). Thus, any such claim would be more appropriately raised in a collateral proceeding.

For these reasons counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.