**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted June 2, 2005
Decided June 2, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-4178

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 03-40061-002-JLF |
| NICOLE PEOPLES,[*] *Defendant-Appellant.* | James L. Foreman, *Judge.* |

**O R D E R**

Nicole Peoples and another woman distributed between 50 and 150 grams of crack during February and March 2003. Peoples pleaded guilty to one count of conspiracy to distribute, 21 U.S.C. §§ 846, 841(a)(1), and three counts of distributing crack, *id.* § 841(a)(1), and was sentenced to concurrent terms of 100 months' imprisonment after a downward departure under U.S.S.G. § 5K1.1 for substantial assistance. She filed a notice of appeal, but the government moved to dismiss because her written plea agreement includes an appeal waiver. Counsel for Peoples responded by seeking leave to withdraw and submitting what we have

---

[*]Peoples married and changed her name to Parra while her case was pending before the district court, but this order adopts counsel's convention and refers to her by her former name.

construed as a brief under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Mason*, 343 F.3d 893, 894–95 (7th Cir. 2003). We invited Peoples to respond to counsel's *Anders* brief, *see* Cir. R. 51(b), but she has not done so. Because counsel's brief is facially adequate, we review only the potential issues that counsel identifies. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

The appeal waiver provides that Peoples will not "contest any aspect of her conviction and sentence that could be contested under . . . any . . . provision of federal law" whether on direct appeal or in collateral review (except for collateral challenges based on retroactive amendments promulgated by the Sentencing Commission or retroactive changes in the law that could prove her innocence). The agreement explicitly waives Peoples' right to challenge the constitutionality of the guidelines and "any right to have facts that determine her offense level under the Guidelines be alleged in an indictment and be found by a jury beyond a reasonable doubt."

Counsel informs us that Peoples has not expressed a desire to withdraw her guilty pleas, and thus he has not explored any potential issues relating to the plea colloquy or the voluntariness of those pleas. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). And since Peoples does not wish to withdraw those pleas (and thereby undo the benefit of a reduced sentence promised in return), she is bound by the waiver of appeal. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (noting that an appeal waiver "stands or falls" with the plea); *United States v. Hare*, 269 F.3d 859, 860–61 (7th Cir. 2001) (same). There is no exception to the waiver's enforceability for any argument under *United States v. Booker*, 125 S. Ct. 738 (2005). *See United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

Because we agree with counsel that raising the potential issues that he identified would be frivolous, we GRANT his motion to withdraw and DISMISS the appeal.