**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1387

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> KEVIN J. MCGRUDER, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Illinois <br><br> No. 03-CR-30148 <br><br> David R. Herndon, <br> *Judge.* |

**O R D E R**

Kevin McGruder was charged as part of a drug conspiracy. On the third day of his trial he entered a guilty plea in accordance with an agreement that contained a waiver of his right to appeal "any sentence within the maximum provided by the statute(s) of conviction." The district court sentenced him to 262 months' imprisonment—a term within the statutory maximum of incarceration for life. McGruder filed a timely notice of appeal on February 14. On March 1, before briefing had commenced, the government moved to dismiss the appeal as frivolous due to the appeal waiver. McGruder's attorney, appointed for purposes of the appeal, responded to the government's motion by filing what we construe as a memorandum in support of a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Mason*, 343 F.3d 893, 894 (7th Cir. 2003). We informed McGruder of his right to respond to counsel's submission, *see* Cir. R. 51(b), but he has not replied. We therefore confine our review to the potential

issues counsel identifies in his facially adequate memorandum.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether it would be frivolous to argue that McGruder did not knowingly and voluntarily waive his right to appeal because the district court did not comply with Federal Rule of Criminal Procedure 11 when taking his guilty plea.  Specifically, counsel points to the district court's failure to mention during the plea colloquy McGruder's rights to testify on his own behalf and to be represented by court-appointed counsel if needed.  The issue is properly considered because, in accordance with *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel has verified that McGruder now wishes to withdraw his plea.   As counsel recognizes, any voluntariness argument would be reviewed for plain error because McGruder did not move to withdraw his guilty plea in the district court, *see United States v. Gibson*, 356 F.3d 761, 765-66 (7th Cir. 2004).  We agree that it would be frivolous to contend that plain error lies in the district court's omissions.  McGruder would have to demonstrate that he would not have pleaded guilty absent the errors and also that there is some reason to believe that he should not have been convicted.  *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).  McGruder could not establish that he was prejudiced because he had already testified on his own behalf at the time he pleaded guilty and had no use for appointed counsel because he had retained an attorney.  The district court substantially complied with Rule 11, and thus it would be frivolous to challenge the voluntariness of the guilty plea and the attendant appeal waiver.

Counsel next considers whether he could challenge McGruder's sentence based on *United States v. Booker*, 125 S. Ct. 738 (2005), an argument that would require him to first to overcome the appeal waiver in the plea agreement.  Counsel concludes that such a challenge would be frivolous in light of our holding in *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), that appeal waivers will be strictly enforced against appellants making *Booker* arguments unless the plea agreement contains an "escape hatch."  We agree that *Bownes* squarely forecloses the argument that *Booker* provides a basis for undoing an otherwise valid appeal waiver.  We also note that although counsel correctly identifies the waiver itself as "prospective," McGruder was sentenced after the Supreme Court's decision in *Booker,* so he did not in fact lose any benefit of a subsequent change in the law.  McGruder's waiver allows no exception and thus we need not discuss the other potential arguments counsel identifies regarding the guidelines calculations or the reasonableness of the sentence.

We GRANT counsel's motion to withdraw and DISMISS the appeal.