**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 22, 2005
Decided September 28, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1452

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 3:03CR30214-004 |
| KEVIN D. JEFFERSON *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Kevin Jefferson pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and possessing a firearm in connection with a drug offense, 18 U.S.C. § 924(c).  Jefferson cooperated with the government's investigation and was sentenced after *United States v. Booker*, 125 S. Ct. 738 (2005), to a total of 102 months' imprisonment, well below the combined minimum mandatory of 180 months otherwise applicable to the counts of conviction.  *See* 18 U.S.C. § 3553(e). Jefferson filed a notice of appeal but the government moved to dismiss because his written plea agreement includes a waiver of his right to appeal his sentence. Jefferson's appointed counsel responded to the government's motion by filing what we construe as a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  *See United States v. Mason*, 343 F.3d 893, 894-95 (7th Cir. 2003).

Counsel's submission is facially adequate, and Jefferson has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's motion. We therefore limit our review to potential issues identified in counsel's submission. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*).

Counsel first considers whether Jefferson might challenge the voluntariness of his guilty pleas. But counsel informs us that Jefferson does not wish to take back his pleas, and we have held that lawyers making an *Anders* submission should not even explore questions about a guilty plea unless the defendant wants it set aside. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). It follows, then, that Jefferson is also bound by his appeal waiver. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (noting that waiver of appeal "stands or falls" with the plea); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001) (same). That waiver precludes any challenge to a "sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever." And though Jefferson agreed to that waiver before *Booker* was decided, we have held that such waivers are nonetheless enforceable absent an explicit "escape hatch" in the plea agreement. *United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005); *see also United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Cieslowski*, 410 F.3d 353, 362 (7th Cir. 2005). Jefferson's waiver allows no exception, and thus we cannot reach the other potential issues identified by counsel.

We GRANT counsel's motion to withdraw and DISMISS the appeal.