**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2005[*]
Decided October 31, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1502

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:03 CR 59-01 |
| HILLIARD HATHAWAY, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Hilliard Hathaway and his co-defendants bought powder cocaine, processed it into crack, and sold the product to users on the streets of Gary, Indiana. Pursuant to a written plea agreement in which he waived any right to appeal his conviction and sentence, Hathaway pleaded guilty to conspiracy to distribute 50 or more grams of crack cocaine, 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 170 months' imprisonment and five years' supervised release. Hathaway appeals despite the waiver, but his appointed attorney moves to

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous issue. We informed Hathaway that he could respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Our review is thus limited to the points discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The waiver in Hathaway's plea agreement is an unqualified promise to forego challenging his "conviction or sentence . . . on any ground" whether by direct appeal or in a collateral proceeding. An appeal waiver entered into knowingly and voluntarily is valid and binding. *United States v. Mason*, 343 F.3d 893, 893-94 (7th Cir. 2003). Waivers of appeal stand or fall with the guilty plea itself, and thus Hathaway's broad, unambiguous waiver bars this appeal so long as his guilty plea was entered into knowingly and voluntarily. *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2000).

Faced with the waiver, counsel considers whether Hathaway might argue that his guilty plea was not knowing and voluntary because the district court did not give every admonishment listed in the most recent enactment of Federal Rule of Criminal Procedure 11. Counsel is correct to evaluate this question because Hathaway has decided he wants his guilty plea vacated. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). In the district court, however, Hathaway moved to withdraw his guilty plea but retracted that request before the court acted on it, *see Doe v. United States*, 51 F.3d 693, 700 (7th Cir. 1995) (holding that defendant reaffirms guilty plea by retracting motion to withdraw plea), and thus we would review only for plain error, *see United States v. Vonn*, 535 U.S. 55, 63 (2002); *United States v. Gibson*, 356 F.3d 761, 765-66 (7th Cir. 2004).

Counsel is correct that the district court engaged in a thorough colloquy with Hathaway; the only pertinent oversight noted by counsel concerns the recently added requirement that a defendant be told he can present evidence at trial should he elect to have one. *See* Fed. R. Crim. P. 11(b)(1)(E). (Counsel also says the district court neglected to warn Hathaway about the prospect of forfeiture or restitution, *see* Fed. R. Crim. P. 11(B)(1)(J), (K), but in this case there was no possibility of either.) It would be frivolous to argue that not telling Hathaway he could present evidence so undermined the Rule 11 colloquy that acceptance of his guilty plea constituted plain error; not only did the district court cover the same territory by informing Hathaway he could testify himself and compel others to testify for him, but even with the omission the court substantially complied with the rule. That was enough to assure the voluntariness of Hathaway's guilty plea, *United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003), and with it his waiver of appeal.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.