**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005[*]
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1269

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff-Appellee,*<br><br>   *v.*<br><br>NELSON CASTRO-RODRIGUEZ,<br>   *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 04-CR-90<br><br>Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

In 1999, Nelson Castro-Rodriguez pleaded guilty to marijuana trafficking, an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), and was sentenced to 16 months' imprisonment. He was later removed to Mexico, where he is a citizen, but then re-entered the United States illegally. Once law enforcement authorities captured him, Castro-Rodriguez pleaded guilty to being present in the United States after removal for an aggravated felony conviction, 8 U.S.C. §§ 1326(a), (b)(2). The district court, considering the guidelines advisory in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentenced him to 46 months'

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

imprisonment and three years' supervised release, the lowest end of the guidelines range.  Castro-Rodriguez has now appealed, but his appointed attorney moves to withdraw because he cannot discern any nonfrivolous issue.  *See Anders v. California*, 386 U.S. 738 (1967).  We informed Castro-Rodriguez that he could respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so.  Our review is thus limited to the points discussed in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Castro-Rodriguez pleaded guilty under an agreement in which he waived the right to appeal his conviction and sentence—except to argue that his punishment exceeded the statutory maximum, that the sentencing court relied on any constitutionally impermissible factor, or that he received ineffective assistance of counsel.  An appeal waiver entered into knowingly and voluntarily is valid and binding.  *United States v. Mason*, 343 F.3d 893, 893-94 (7th Cir. 2003).  Waivers of appeal stand or fall with the guilty plea itself, and thus Castro-Rodriguez's unambiguous waiver bars appeal on any grounds except those delineated by the waiver so long as his guilty plea was entered into knowingly and voluntarily. *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2000).

Counsel first considers arguing that Castro-Rodriguez's guilty plea was involuntary and should be set aside because the district court failed to give every admonishment listed in Federal Rule of Criminal Procedure 11.  Counsel is correct to evaluate this question because Castro-Rodriguez has decided he wants his guilty plea vacated.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).  But, as counsel recognizes, we review only for plain error because Castro-Rodriguez did not seek to withdraw his guilty plea in the district court.  *See United States v. Vonn*, 535 U.S. 55, 63 (2002).

First, counsel notes that the court did not inform Castro-Rodriguez that he had the right to plead not guilty.  *See* Fed. R. Crim. P. 11(b)(1)(B).  But given that the purpose of the colloquy was to change his earlier plea of not guilty, he was aware of this right.  *See Knox*, 287 F.3d at 670.  Second, although the district court failed to admonish Castro-Rodriguez of his right to be represented by counsel, *see* Fed. R. Crim. P. 11(b)(1)(D), this omission was harmless because he was represented by counsel at the time of the colloquy.  *See United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988).  Third, although the district court did not inform Castro-Rodriguez of his right to confront witness, his right not to testify, and his right to compulsory process, *see* Fed. R. Crim. P. 11(b)(1)(E), counsel points out that he was properly informed of these rights in the written plea agreement.  *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001) (explaining that a Rule 11 omission was harmless where the information was already conveyed to the defendant by his counsel or in his plea agreement).

Finally, counsel points out that the district court did not inform Castro-Rodriguez of the consequences of violating the conditions of his supervised release. But this error was also harmless because the district court did inform him of the maximum possible penalty, and his combined terms of imprisonment and supervised release (82 months) did not exceed the maximum possible sentence under the statute (240 months). *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003). Counsel is thus correct that any Rule 11 argument would be frivolous against a plain-error review because the district court substantially complied with its requirements. *See Schuh*, 289 F.3d at 975.

Counsel also considers arguing that the district court misapplied the guidelines or otherwise sentenced Castro-Rodriguez unreasonably. But these arguments are frivolous because his enforceable waiver precludes appellate review on these grounds as they do not present constitutional claims or otherwise come within the waiver's exceptions.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.