UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2006
Decided May 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4519

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    v.<br><br>JOHN JORDAN, JR.,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division<br><br>No. 3:04CR00036-002<br><br>Ronald L. Young,<br>*Judge.* |

**O R D E R**

John Jordan, Jr. pleaded guilty to conspiring to possess at least five grams of crack with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). As part of his plea agreement Jordan waived any right to appeal his conviction or sentence so long as the district court accepted the parties' guidelines stipulations and imposed a prison term within the resulting range. The district court accepted those stipulations and sentenced Jordan within the guidelines range to 72 months' imprisonment (significantly below the 10-year minimum that would have applied but for the government's motion for a reduced sentence under 18 U.S.C. § 3553(e)), three years' supervised release, a special assessment of $100, and 500 hours of drug treatment. Despite the waiver, Jordan filed a notice of appeal, but his appointed

lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). For his part, Jordan responded by filing a "Motion for Appeal and New Counsel." *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we review the potential issues identified by counsel and Jordan. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

The appeal waiver in Jordan's plea agreement is an unqualified promise by Jordan to forego challenging his "conviction or sentence . . . on any ground" whether by direct appeal or in a collateral proceeding. An appeal waiver entered into knowingly and voluntarily is valid and enforceable. *United States v. Mason*, 343 F.3d 893, 893-94 (7th Cir. 2003). Waivers of appeal stand or fall with the guilty plea itself, and thus Jordan's unambiguous waiver bars this appeal so long as his guilty plea was entered into knowingly and voluntarily. *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Faced with the waiver, counsel considers whether Jordan might argue that his guilty plea was not knowing or voluntary. Counsel, however, does not indicate whether Jordan wants to withdraw his guilty plea, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002) (instructing that counsel should not consider a Rule 11 argument unless defendant wishes to challenge his plea), nor can we tell from Jordan's motion whether he wishes to have his plea set aside. Nevertheless, because Jordan did not attempt to withdraw his plea in the district court, we would review only for plain error. *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002); *United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004).

The district court engaged in an extensive plea colloquy with Jordan that complied with Federal Rule of Criminal Procedure 11(c). During the plea colloquy Jordan admitted his involvement in the conspiracy and that he had entered into the plea agreement voluntarily. The district court then informed him of the trial rights he was giving up, the maximum and minimum punishments he faced, and the effect of his appeal waiver. Jordan acknowledged his understanding of the district court's address at each stage of the colloquy. Thus we agree with counsel that the district court's colloquy was enough to assure that Jordan entered his guilty plea knowingly and voluntarily. *See United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003).

Given that the plea agreement is not open to challenge, Jordan's appeal waiver renders any other arguments frivolous. We therefore GRANT counsel's motion to withdraw, DENY Jordan's motion for new counsel, and DISMISS the appeal.