NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2007
Decided February 28, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2728

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division |
| *v.* | No. 4:05CR00034-001 |
| CLAUDIO ORTUNO, *Defendant-Appellant.* | David F. Hamilton, *Judge.* |

**O R D E R**

Claudio Ortuno had sold methamphetamine to an undercover police officer in southern Indiana on three prior occasions, and when he arrived to complete a fourth sale, police officers arrested him. Ortuno pleaded guilty to distributing more than five grams of methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). The district court sentenced him within the guidelines range to 135 months' imprisonment and four years' supervised release. As part of his written plea agreement, Ortuno expressly waived his right to appeal the conviction and sentence "for any reason," if the sentence imposed was within the guidelines range. Despite the waiver, however Ortuno filed a *pro se* notice of appeal. His appointed counsel

now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is facially adequate, and Ortuno has not responded to counsel's motion, *see* Cir. R. 51(b), so we limit our review of the record to the potential issues counsel has identified. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel questions whether Ortuno might attack the validity of the appeal waiver. We have repeatedly held that waivers of appeal are valid and binding, *see, e.g., United States v. Mason*, 343 F.3d 893, 893-94 (7th Cir. 2003), and that a waiver of appeal stands or falls with the rest of the plea bargain, *see United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Counsel gives no indication that Ortuno wants to have his guilty plea set aside and risk losing the benefits conferred by his plea agreement, and thus we agree with counsel that any challenge to the validity of the appeal waiver would be frivolous. We also agree with counsel that, given the valid appeal waiver, all other arguments would be frivolous as well. *See United States v. Lockwood*, 416 F.3d 604, 607-08 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.