NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008
Decided December 11, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2446

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee*,<br><br>  *v.*<br><br>TROY MILLER,<br>  *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.<br><br>No. 3:06CR00038-014<br><br>Richard L. Young,<br>*Judge*. |

**O R D E R**

In 2008 Troy Miller entered into an agreement to plead guilty to one count of conspiracy to possess with the intent to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The parties agreed on page three of Miller's plea agreement to a specific sentence of 120 months' imprisonment—the mandatory minimum given the amount of cocaine and Miller's prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(B); FED. R. CRIM. P. 11(c)(1)(C). The district court accepted the plea agreement and sentenced Miller, as agreed, to 120 months' imprisonment. *See* FED. R. CRIM. P. 11(c)(3)(A).

Miller filed a notice of appeal, but the government has moved to dismiss on the ground that Miller waived his right to appeal in the plea agreement. *See United States v. Mason*, 343 F.3d 893 (7th Cir. 2003). Miller's lawyer concedes the point and agrees that the appeal should be dismissed. Miller himself opposes the government's motion. *See* CIR. R. 51(b).

The appeal waiver aside, a defendant who agrees to a specific sentence cannot appeal the sentence imposed except in three narrow circumstances: if his guilty plea was involuntary, if the sentence he received is greater than the sentence he bargained for, or if his sentence was imposed in violation of law. *See* 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 363-64 (7th Cir. 2005); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996). Miller does not want his plea set aside, eliminating the first possibility. The second possibility is not tenable because Miller's prison sentence tracks the agreement. As for the third possibility, Miller's sentence is the lowest permitted by law. *See* 21 U.S.C. § 841(b)(1)(B).

Even if Miller's appeal was not precluded by § 3742(a)(1) and (c)(1), his plea agreement includes a clear and unambiguous appellate waiver, which is enforceable because the record shows that he knowingly and voluntarily entered into the agreement. *See United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008); *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007).

Accordingly, we GRANT government's motion to DISMISS the appeal.