In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1479

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GILBERT MANNING,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:12-cr-30330-DRH-1 — **David R. Herndon**, *Chief Judge.*

SUBMITTED MAY 7, 2014 — DECIDED JUNE 9, 2014

Before POSNER, *Circuit Judge.*

The government moves to dismiss this criminal appeal as frivolous because the appellant, Gilbert Manning, waived his right to appeal when he pleaded guilty. During a stint as motions judge (a position that rotates among the judges of this court) I ordered the appellant to respond to the government's motion. His counsel, appointed after the government filed its motion, has asked for more time to determine whether the appeal has any possible merit. I think it's better

for the government's motion to be decided when the case is presented to a merits panel for decision, and by that panel. The appellant's counsel will file a merits brief or alternatively an *Anders* brief, and if the former then the government in responding will doubtless plead the appeal waiver. The government's filing of a separate motion, in advance of full briefing, to dismiss a criminal appeal as frivolous should be, though not forbidden, discouraged.

Federal Rule of Appellate Procedure 27 authorizes the government to file a motion to dismiss a criminal appeal in advance of full briefing, and such a filing makes perfectly good sense when the basis of the motion is absence of appellate jurisdiction; if there is no appellate jurisdiction, briefing the merits is a waste of time. But an appeal waiver in a plea agreement does not deprive the appellate court of jurisdiction. *United States v. Mason*, 343 F.3d 893, 893 (7th Cir. 2003). In response to the Rule 27 motion the appellant's lawyer may be able to mount a nonfrivolous argument that the plea agreement's waiver of appeal rights does not bar the appeal, whether because an issue presented by the appeal is outside the scope of the waiver or because the waiver is excusable, either because it was not knowing and voluntary or on one or more of the grounds listed in *United States v. Adkins*, 743 F.3d 176, 191–93 (7th Cir. 2014).

The only benefit that I can imagine from the government's filing a motion to dismiss on grounds of appeal waiver before the appeal is briefed is that it will accelerate evaluation of the merits of the appeal by the appellant's lawyer. The lawyer is likely, however, as in the present case, to seek and obtain an extension of time in which to respond to the motion, *United States v. Mason*, *supra*, 343 F.3d at 894–

95, in which event the motion to dismiss is unlikely to accelerate the court's decision.

The appellant's counsel suggests a sensible compromise: that before filing a motion to dismiss on the basis of waiver of appeal the government file a *notice* of intent to file such a motion. The notice would constitute an early warning to the appellant's counsel—who in many cases will not have been counsel in the district court—that there is an appeal waiver and that the government intends to enforce it (it can waive the waiver if it wants; see *Nunez v. United States*, 546 F.3d 450, 452 (7th Cir. 2008)). Counsel will thus be prompted to discuss with the appellant whether the appeal should be dismissed voluntarily. See Fed. R. App. P. 42(b); 7th Cir. R. 51(f). If the appellant wants to fight it, counsel can either file an *Anders* brief if he thinks the fight futile or try to show that the appeal waiver does not apply. The government's notice of intent to enforce the appeal waiver will have the same accelerating effect as a motion to dismiss, while requiring less work for both sides and preserving the briefing schedule.

I therefore order decision on the government's motion to dismiss the appeal deferred to the merits panel.