NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014
Decided December 2, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1479

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:12-cr-30330-DRH-1 |
| GILBERT MANNING, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

For several years Gilbert Manning and others distributed marijuana in southern Illinois and eastern Missouri. Manning was charged with conspiracy to possess and distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and distribution of marijuana, *id*. § 841(a)(1). He agreed to plead guilty to both charges, and his written plea agreement includes a waiver of the right to appeal the convictions or the sentence if within the guidelines range "as determined by the Court." A magistrate judge conducted the plea colloquy and recommended that the district court accept Manning's guilty pleas. *See* 28 U.S.C. § 636(b)(1); *United States v. Harden*, 758 F.3d 886, 891 (7th Cir. 2014). The district court adopted that recommendation without objection from Manning. The district court found that the conspiracy had involved more than 1,000 kilograms of marijuana (even though, as part of the plea agreement, the government did not insist that Manning admit

a drug quantity significantly greater than 100 kilograms, which allowed him to avoid a 20-year statutory minimum). The court imposed 210 months' imprisonment for the conspiracy count—the bottom of the guidelines range as calculated by the court—and 120 months for the distribution count, to run concurrently. *See* 21 U.S.C. §§ 841(b)(1)(B)(vii), (b)(1)(D), 851.

Manning filed a notice of appeal, prompting the government to move for dismissal based on the appeal waiver. A motions judge deferred ruling on that submission until after Manning's appointed lawyer had filed either a merits brief or a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Manning*, 755 F.3d 455, 455–56 (7th Cir. 2014). Manning's attorney has filed the latter, asserting that the appeal is frivolous. Manning opposes his lawyer's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the points that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects discussed in counsel's brief plus Manning's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Manning does not wish to challenge his guilty pleas and thus forgoes discussing the voluntariness of those pleas or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Manning does not directly contradict counsel's assertion that he is satisfied with his guilty pleas, but in his Rule 51(b) response he equivocates by suggesting that he's willing to stand by his plea agreement only if his overall sentence is reduced to 120 months, the statutory minimum applicable to the conspiracy conviction. *See* 21 U.S.C. §§ 841(b)(1)(B), 851.

Manning's equivocation does not matter. The magistrate judge concluded that he pleaded guilty knowingly and voluntarily, and Manning waived his right to appellate review of that determination by not objecting to the magistrate judge's report and recommendation before it was accepted by the district court. *See* FED. R. CRIM. P. 59(b)(2); *United States v. Hall*, 462 F.3d 684, 688 (7th Cir. 2006); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003). And even if Manning could escape that waiver, he did not move to withdraw his guilty pleas in the district court, and thus we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

We would not find error, plain or otherwise. The transcript of the plea colloquy establishes that the magistrate judge substantially complied with Federal Rule of Criminal Procedure 11, which is enough to shield a guilty plea from challenge on direct appeal. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The magistrate judge advised Manning that the 100-kilogram amount stated in the plea agreement and factual basis would not bind the district judge, who would apply the sentencing guidelines independently and also consider the factors in 18 U.S.C. § 3553(a) when determining Manning's sentence. In his Rule 51(b) response, Manning says that the language of the plea agreement is "confusing" because, he insists, he would not have knowingly given up the right to challenge on appeal his sentence or any underlying factual dispute. But the magistrate judge admonished Manning about the rights he was waiving by pleading guilty, including "most of [his] appellate rights." Manning acknowledged his understanding and also replied "no" when asked if anyone had threatened or coerced him or made additional promises so that he would accept the plea agreement. *See* FED. R. CRIM. P. 11(b)(1), (b)(2); *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010) (explaining that district court's brief inquiry about unequivocal appeal waiver in written plea agreement sufficiently demonstrated that defendant understood and knowingly agreed to appeal waiver). There is no reason to disbelieve Manning's sworn statements, which are presumed to be truthful. *See Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995).

We thus agree with counsel that any appellate challenge to Manning's guilty pleas would be frivolous. It follows, says counsel, that the appeal itself is frivolous given Manning's broad appeal waiver. We likewise agree with that assessment. Because an appeal waiver stands or falls with the underlying guilty plea, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Manning's waiver. No exception would apply, as his overall sentence does not exceed the statutory maximum or the calculated guidelines range, and the district court did not rely on any impermissible factor when imposing the sentence, *see Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). And since the appeal waiver is binding, all of the sentencing arguments that Manning discusses in his Rule 51(b) response necessarily are frivolous.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal. The government's motion to dismiss is DENIED as unnecessary.