In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3999

United States of America,

Plaintiff-Appellee,

v.

John R. Whitlow,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 00-10029--Michael M. Mihm, Judge.

Submitted April 10, 2002--Decided April 25, 2002


   Before Posner, Easterbrook, and Diane P.
Wood, Circuit Judges.

   Easterbrook, Circuit Judge.  In what has
become a common sequence, a defendant who
waived his appellate rights as part of a
plea bargain, and received a substantial
benefit in exchange, has failed to keep
his promise. After being indicted for 30
financial crimes, John Whitlow pleaded
guilty to four counts and the rest were
dismissed. The plea agreement provides
that "in exchange for the concessions
made by the United States" Whitlow waives
his rights to appeal and to seek
collateral relief under 28 U.S.C.
sec.2255. The benefits of the agreement
were substantial. Whitlow not only
obtained the dismissal of 26 counts but
also received a two-level reduction in
offense level for accepting
responsibility--a big break, given that
the district judge concluded that Whitlow
had obstructed justice, which blocks an
acceptance-of-responsibility reduction in
all but extraordinary cases. U.S.S.G.
sec.3E1.1 Application Note 4. Because of
the two-level reduction Whitlow's
sentencing range was 97 to 121 months (he
was sentenced to 108 months); without the
reduction the range would have been 121
to 151 months, and extra counts of
conviction would have added sentencing
units, see sec.3D1.1, that could have
propelled the range higher still.

To contest a decision as favorable as this is to tempt fate, for we have held that a defendant who breaks a promise not to appeal entitles the prosecutor to walk away as well. See United States v. Hare, 269 F.3d 859 (7th Cir. 2001). Prosecutors may be disinclined to do this if we affirm or dismiss the appeal despite the waiver. But in this case Whitlow wants a remand for resentencing--and in a confession of error the prosecutor agrees that he is entitled to it.

Whitlow's promise not to appeal has an exception. The district judge concluded that it is a close question whether the 2000 edition or the 2001 edition of the Sentencing Guidelines is the right version to apply. At the judge's request, the prosecutor agreed to modify the waiver so that Whitlow could present this issue for appellate resolution. Whitlow abused this opportunity by filing an appellate brief presenting eight issues rather than the agreed single issue. He contends, for example, that the judge erred in calculating the amount of loss for sentencing purposes, should not have added two levels for obstructing justice, and should have departed downward on the ground that he is a compulsive gambler. These arguments are blocked by the waiver of appeal.

In response to a motion to strike these arguments from his brief, Whitlow insists that a breach of the plea agreement by the prosecutor cancels his waiver. One problem with this argument is that Whitlow presented to the district judge his contention that the prosecutor broke his promise by failing to recommend a three-level reduction for acceptance of responsibility. The judge found Whitlow's argument to be insubstantial. So it has been authoritatively determined that the government has kept its part of the bargain. What Whitlow must be arguing, then, is not that a breach allows appeal, but that a claim of breach allows appeal. That would make all waivers unenforceable as a practical matter, for talk is cheap. Other defendants who planned to keep their promises, and sought to trade the waiver for concessions on the prosecutor's part, could not do so, for they could not distinguish themselves from those who planned to appeal notwithstanding their promises. To

facilitate bargains it is necessary to enforce the whole deal with respect to all defendants. A waiver of appeal does not authorize a prosecutor to dishonor his promises; instead it determines who will be the judge of a claim that breach has occurred. "Waiver of appeal . . . means that the final decision will be made by one Article III judge rather than three Article III judges; all substantive entitlements are unaffected." Hare, 269 F.3d at 861. A defendant who contended that the prosecutor's breach came after judgment in the district court would have an argument for a collateral attack designed to enforce that aspect of the promise; but here the asserted breach preceded judgment.

There is a second problem. A prosecutor's failure to keep one part of a plea agreement usually leads to a judicial order of specific performance; it does not relieve the defendant of all promises. Unless a prosecutor's transgression is so serious that it entitles the defendant to cancel the whole plea agreement, a waiver of appeal must be enforced. We have held time and again that a waiver of appeal stands or falls with the rest of the bargain. See, e.g., United States v. Jeffries, 265 F.3d 556 (7th Cir. 2001); United States v. Behrman, 235 F.3d 1049 (7th Cir. 2000); United States v. Wenger, 58 F.3d 280 (7th Cir. 1995). Whitlow "did not ask the district court to set aside his plea, and even on appeal he does not seek that relief; he wants the benefits of the agreement shorn of one detriment, an outcome to which he could not be entitled." Hare, 269 F.3d at 860-61. But Whitlow did appeal and raise arguments other than those excepted from the waiver. Specific performance is a poor remedy for this kind of breach by the defendant; once an appeal is taken and a brief filed, the prosecutor must respond, and the resources sought to be conserved by the waiver have been squandered. Money damages are unavailable. The only potentially effective remedy when a defendant breaks a promise not to appeal is to allow the prosecutor to withdraw some concessions. That is why we concluded in Hare that the defendant's appeal, in disregard of a promise not to do so, exposes him to steps that can increase the sentence.

Let us turn briefly to the one issue that Whitlow is entitled to raise. Defendants must be sentenced under the Guidelines manual in force when sentencing occurs. See 18 U.S.C. sec.3553(a)(4)(A); U.S.S.G. sec.1B1.11. Whitlow's sentencing began on October 31, 2001, the last day of the 2000 edition, and concluded on November 1, 2001, the first day of a new edition's effectiveness. The district judge concluded that because the sentencing hearing spanned two versions, it would be appropriate to use whichever manual was more favorable to the defendant. At the time of sentencing, both the probation office and the judge believed that the 2000 manual was more favorable to Whitlow, and it was used in all calculations. Whitlow argues on appeal--and the prosecutor now concedes--that the 2001 manual is on balance more favorable. We agree with the prosecutor that a remand is appropriate so that Whitlow may be resentenced under the 2001 manual. It was in force on the date sentence was pronounced and thus is the version specified by Congress and the Sentencing Commission.

The sentence is vacated, and the case is remanded for further proceedings consistent with this opinion. Whitlow's breach of his promise not to appeal, combined with the enhancement for obstruction of justice, make it exceptionally hard to justify when calculating the new sentence any reduction for acceptance of responsibility. Hare affords the prosecutor the opportunity to reinstate any of the dismissed charges; the prosecutor should alert Whitlow and the district judge within 10 days of our mandate if he desires to exercise that option.

DIANE P. WOOD, Circuit Judge, concurring. I agree with the majority that John Whitlow was entitled to take an appeal concerning the question of which version of the Sentencing Guidelines manual applied to his case, and that (as the government concedes) he is entitled to a remand on this point. I write separately because I do not subscribe to some of the majority's comments about waivers of the

right to appeal in plea bargains. The majority trivializes such waivers by stating that it is merely the substitution of the views of one Article III judge for three Article III judges (or, more accurately, four, given the fact that this court always weighs seriously the views of the original trial judge when a panel of three considers an appeal). Most people would agree that three or four heads can be better than one, and there is no reason to suppose that this truism has less force when it comes to Article III judges than it does in any other field of human endeavor. I am also not convinced that these waivers are capable of "buying" such great benefits for defendants who plead guilty as the majority assumes. In fact, the scope of the issues that may properly be appealed after a guilty plea is exceedingly narrow, as the many cases in which this court has followed United States v. Broce, 488 U.S. 563 (1989), make clear. See, e.g., Woodruff v. United States, 131 F.3d 1238, 1241-42 (7th Cir. 1997) (no sec. 2255 challenges allowed on grounds such as double jeopardy, sentencing consequences, admissibility of a confession, or the composition of the grand jury, even if the law may have changed after the plea); Young v. United States, 124 F.3d 794, 797 (7th Cir. 1997) (conviction based on plea "cannot be in 'error' and therefore . . . is conclusive on all factual and legal issues other than a contention that the very initiation of the proceedings violated the Constitution."); United States v. Makres, 937 F.2d 1282, 1285 (7th Cir. 1991). It is common for us to receive Anders briefs in cases where a defendant is trying to take an appeal from a guilty plea; responsible counsel often conclude after reviewing the Rule 11 colloquy that led to the plea, the sentencing proceedings, and other pertinent materials, that no non-frivolous arguments can be made. Prosecutors are well aware of these facts when they negotiate pleas. Thus, there is a risk that appeal waivers do nothing but cut off potentially meritorious arguments either for direct appeal or for collateral attacks under 28 U.S.C. sec. 2255.

Having said that, I recognize that this court and the other courts of appeals have upheld appeal waivers when they are

properly and clearly included in plea agreements. See, e.g., United States v. Behrman, 235 F.3d 1049, 1051 (7th Cir. 2000) (voluntary waivers of appeal are valid and enforceable); United States v. Ogden, 102 F.3d 887, 888 (7th Cir. 1996) (same); United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (sentencing appeal waivers are presumed valid where the underlying plea is valid); United States v. Teeter, 257 F.3d 14, 23 (1st Cir. 2001) (collecting cases). On the other hand, we have also taken care to respect the limits on those waivers. See Behrman, 235 F.3d at 1052 ("just as we are willing to enforce waivers of appeal, we enforce them only to the extent of the agreement."); Bridgeman v. United States, 229 F.3d 589, 591-92 (7th Cir. 2000) (discussing cases and limiting extent of waiver to its explicit terms, despite the government's effort to suggest a broad reading); United States v. Cupit, 169 F.3d 536, 539 (8th Cir. 1999) (language of plea agreement waiving right to challenge sentence did not specifically show that parties agreed that restitution award could not be reviewed); United States v. Zink, 107 F.3d 716, 718 (9th Cir. 1997) (waiver of right to challenge sentence did not preclude appeal of restitution order).

Because of the latter line of cases, and because everyone agrees that a defendant may still attack the underlying agreement, I would not speak so harshly of Whitlow's decision in this case to take an appeal notwithstanding the waiver, nor of his decision to present more than the single Guidelines manual issue to this court. Parties and lawyers are scolded often enough for not attempting to present issues to the court and thus forfeiting or waiving their own or their clients' rights. The amount of over-inclusiveness that occurred here does not strike me as harmful, particularly as the government has been content to vindicate its interest through a routine motion to strike. That should be enough: I would therefore not invite the government to re-open every other part of the plea agreement just because Whitlow structured his appeal as he did. Furthermore, it is worth noting that we have held that the essential terms of a plea agreement are those addressing "the nature of the charge to which the defendant pleads, the factual basis for

the plea and the limits of the district court's sentencing authority." United States v. Barnes, 83 F.3d 934, 938 (7th Cir. 1996), citing Santobello v. New York, 404 U.S. 257, 260-63 (1971). "The agreement is complete when the parties agree on the nature and extent of the defendant's culpability." Id. That implies that a waiver of a right to appeal is not among the essential terms of the overall agreement. If plea agreements are indeed to be interpreted as contracts, United States v. Schilling, 142 F.3d 388, 394 (7th Cir. 1998),/1 Whitlow's expansion of his otherwise legitimate appeal ought not to constitute a basis for the government to recant on the entirety of the agreement from which it too benefitted. It is enough to send the case back to the district court to address the issue that had merit and to leave it at that.

FOOTNOTE

/1 For instance, if Whitlow alleged that there was no "meeting of the minds" as to the non-appeal-ability of his plea, I suspect that we would not for that reason set aside the whole plea, because the term in question was not an essential term of the agreement. Barnes, 83 F.3d at 939.