**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John R. WHITLOW, Defendant–Appellant.**

**No. 02–3467.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 5, 2003.*

Decided Sept. 9, 2003.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

John R. Whitlow, Terre Haute, IN, for Defendant–Appellant.

Before POSNER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

**Order**

Our prior decision in this case, see 287 F.3d 638 (7th Cir.2002), remanded for re-sentencing under the 2001 version of the Sentencing Guidelines. The district court did this, which resulted in a small reduction in Whitlow's sentence. He has again appealed–a surprising step, not only because there is no doubt that the district judge implemented our mandate, but also because Whitlow promised as part of his plea bargain *not* to appeal. The promise had a single exception: He could ask this court to determine which edition of the Guidelines should be applied. Now that we have done this, the promise not to appeal is unconditional.

Whitlow's lawyer has filed an *Anders* brief, concluding that the appeal is frivolous. Whitlow was notified, see Circuit Rule 51(b), and did not respond. The *Anders* brief does not suggest, and we do not perceive, any circumstance that would relieve Whitlow of his commitment not to appeal. The only potential route to this end would be to demonstrate that the guilty plea itself is invalid; if so, the terms of the plea would fall with it. See *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995). But Whitlow has not told us (or his lawyer) that he wants to withdraw his plea, so there is no reason to explore that possibility. See *United States v. Knox*, 287 F.3d 667 (7th Cir.2002).

Counsel's motion to withdraw is granted, and the appeal is dismissed in order to implement Whitlow's promise not to appeal.

---

* This successive appeal has been submitted to the original panel, see Operating Procedure 6(b), which has concluded that oral argument is unnecessary. Fed. R.App. P. 34(a); Cir. R. 34(f).