**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2238

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* <br> v. | Court for the Central District of Illinois <br><br> No. 04-30082-001 |
| GARY E. FREEMAN, SR.,* <br> *Defendant-Appellant.* | Richard Mills, <br> *Judge.* |

**O R D E R**

Gary Freeman pleaded guilty to two counts of distributing crack and to possessing a firearm after conviction, and was sentenced to a 235-month term of imprisonment. The plea agreement includes a waiver of Freeman's right to appeal his sentence with limited exceptions. Freeman's counsel now seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a

---

* The defendant's name is identified in various documents in the record as both Gary E. Freeman, Sr. and Gary E. Freemon, Sr. Because he and his counsel use the former spelling, we do so as well.

nonfrivolous basis for appeal. Freeman has not responded to our notice under Circuit Rule 51(b). We therefore limit our review to the potential issues raised by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel identifies five potential issues for appeal. First, counsel considers arguing that the district court failed to comply with Federal Rule 11 of Criminal Procedure. Because counsel informs us that Freeman does not wish to withdraw his guilty plea, counsel was not required to explore the adequacy of the Rule 11 colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel also considers whether to challenge any aspect of his sentence not specifically reserved in the appeal waiver. However, the appeal waiver stands or falls with the plea agreement that Freeman does not wish to challenge, and counsel therefore properly concludes that any arguments not reserved in the appeal waiver would be frivolous. *See, e.g.*, *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Counsel next contemplates arguing that the 235-month sentence was unreasonable in light of *United States v. Booker*, 125 S.Ct. 738, 765 (2005), because: (1) the disparity in sentencing of cocaine and crack offenses is grossly disproportional, or (2) Freeman's serious medical condition may shorten his life expectancy. This argument, however, is foreclosed by the appeal waiver. It is true that in his appeal waiver Freeman expressly reserved the right to appeal any ruling that increased his sentence where the standard of proof was less than beyond a reasonable doubt. But no such ruling was made. The judge simply rejected counsel's arguments that either the disparity between crack and cocaine or Freeman's medical condition warranted a sentence below the guideline range. Even if the appeal waiver allowed these arguments, Freeman's sentence was within the guideline range, and any sentence within the guideline range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Counsel next contemplates challenging the district court's acceptance of the parties' stipulation that the drug weight for which Freeman would be accountable "should be found to be the equivalent of slightly less than 3,000 kilograms." As counsel correctly observes, facts stipulated to as part of a plea agreement are conclusively admitted. *See United States v. Paulus*, 419 F.3d 693, 699 (7th Cir. 2005).

Finally, counsel considers arguing that the felon-in-possession statute under which Freeman was convicted, 18 U.S.C. § 922(g), is unconstitutional. He asks whether § 922(g) exceeds Congress's power under the Commerce Clause because it criminalizes more than mere economic activity. Freeman did not challenge the constitutionality of this statute in the district court, however, so we review it only for plain error. *United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005). We have

repeatedly rejected constitutional challenges to § 922(g), and Freeman has not offered any reason why we would depart from our previous holdings.  *See, e.g., id.*  Accordingly, any argument that it was plain error to prosecute him under § 922(g) would be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.