UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 10, 2005
Decided November 14, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3704

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>JAMES E. TURNER,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Southern<br>District of Indiana, Evansville<br>Division<br><br>No. 3:03CR00010-001<br><br>Richard L. Young,<br>*Judge.* |

**O R D E R**

Police arrested James Turner when he delivered 30 grams of crack to a street dealer working as an informant.  Turner pleaded guilty to conspiring to possess at least 5 grams of crack with the intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1); as part of his plea agreement Turner waived any right to appeal his conviction and sentence so long as the district court accepted the parties' guideline stipulations and imposed a prison term within the resulting range.  The district court accepted the stipulations and sentenced Turner within the guideline range to 170 months' imprisonment, eight years' supervised release, and a $100 special assessment.  Turner has filed an appeal despite the waiver, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Turner has responded to the motion under Circuit Rule 51(b), and we confine our review to the potential issues identified in

counsel's facially adequate brief and Turner's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

The appeal waiver in Turner's plea agreement was triggered when the district court accepted the parties' sentencing stipulations and imposed a sentence within the resulting guideline range. That waiver is an unqualified promise by Turner to forego challenging his "conviction and sentence . . . on any ground" whether by direct appeal or in a collateral proceeding. A defendant's knowing and voluntary waiver of his right to appeal is valid and enforceable. *See United States v. Bownes*, 405 F.3d 634, 636–37 (7th Cir. 2005). Waivers of appeal stand or fall with the guilty plea itself, and thus Turner's unambiguous waiver bars this appeal so long as his guilty plea was entered into knowingly and voluntarily. *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Forced to confront the waiver, counsel considers whether Turner might argue that his guilty plea should be set aside on the ground that the district court did not comply fully with Rule 11 of the Federal Rules of Criminal Procedure in taking the plea. Counsel is correct to address this question because Turner wants to back out of his guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Turner did not attempt to withdraw his plea in the district court, and thus he would have to demonstrate plain error before we would set it aside on appeal. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002); *United States v. Gibson*, 356 F.3d 761, 765–66 (7th Cir. 2004).

Counsel concludes that any Rule 11 argument would be frivolous because the district court substantially complied with the rule's requirements. We agree. First, counsel points out that the district court did not mention Turner's right to an attorney, *see* Fed. R. Crim. P. 11(b)(1)(D), but Turner could not possibly have been harmed by the omission because appointed counsel was with him during the colloquy, *see United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Second, counsel notes that the district court did not inform Turner of the recently added requirement that he could testify on his own behalf if he chose to go to trial. *See* Fed. R. Crim. P. 11(b)(1)(E). But because substantial compliance with Rule 11 is sufficient to ensure the validity of the plea, *see United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *Schuh*, 289 F.3d at 975, and considering the district court's otherwise extensive colloquy, we agree with counsel that a challenge to the plea based on these omissions would be frivolous. Therefore both the guilty plea and the appeal waiver stand.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.