**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 29, 2005
Decided December 7, 2005

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 04-3692

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

   *v.*

CLETUS MADU,
 *Defendant-Appellant.*

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 04 CR 337
Samuel Der-Yeghiayan,
*Judge.*

**Order**

Cletus Madu smuggled about 1.3 kilograms of heroin into the United States from Nigeria. Pursuant to a written agreement in which he waived the right to appeal, Madu pleaded guilty to importing at least 1 kilogram of a controlled substance. 21 U.S.C. §§ 952(a), 960(a)(1). In September 2004 he was sentenced to 84 months' imprisonment—below the minimum of 10 years that would have applied but for the "safety valve," see 18 U.S.C. §3553(f); 21 U.S.C. §960(b)(1)(A)—and five years' supervised release. Despite the waiver Madu filed a notice of appeal. His appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous issue. We invited Madu to respond, see Circuit Rule 51(b), and he has done so. Our review is limited to the points discussed in counsel's facially adequate brief and Madu's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Madu might challenge the voluntariness of his guilty plea, but correctly notes that lawyers making an *Anders* submission should

not even explore questions about a guilty plea unless the defendant wants it set aside, an outcome that Madu assured counsel he did not seek. See *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). But now, in his Rule 51(b) response, Madu insists that his plea was involuntary and should be vacated. Our review of the plea would be for plain error since Madu did not move to withdraw it in the district court, see *United States v. Vonn*, 535 U.S. 55 (2002), and we conclude that any voluntariness argument would be frivolous.

The district court engaged in a thorough colloquy with Madu pursuant to Fed. R. Crim. P. 11(c), informing him of the trial rights he was giving up, the maximum and minimum punishments he faced, and the effect of his appeal waiver. That was enough to assure the voluntariness of Madu's guilty plea. See *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003).

Madu contends that his plea was involuntary because the interpreter overstepped his role and provided legal advice. Madu's submission does not give an example of any advice that the interpreter supplied on his own—as opposed to advice from counsel or the judge that was faithfully translated for Madu's benefit. Moreover, Madu does not contend that any statement by the interpreter differed from or undercut his lawyer's advice. Nor does he contend that the interpreter failed to supply him with accurate translations of the plea agreement, the advice from his lawyer, and the statements of the court. Consequently the translator's role would not supply any potential issue for appellate consideration.

Because the plea agreement is not open to challenge, the waiver of appeal renders any other arguments frivolous. See *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2000). The waiver precludes any challenge by appeal or collateral attack to a "sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined)." Developments since the waiver, including *United States v. Booker*, 125 S. Ct. 738 (2005), do not provide grounds for disregarding it. See *United States v. Bownes*, 405 F.3d 634, 636–37 (7th Cir. 2005).

We grant counsel's motion to withdraw and dismiss the appeal as frivolous.