UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006
Decided January 19, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2240

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Southern District of Illinois |
| *v.* | No. 4:94CR40069-001-JPG |
| ANDRE MONROE,<br>*Defendant-Appellant.* | J. Phil Gilbert,<br>*Judge.* |

## O R D E R

In 1994 a grand jury indicted Andre Monroe on one count of conspiracy to possess crack cocaine with the intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), and one count of carrying a firearm in furtherance of that conspiracy, *see* 18 U.S.C. § 924(c)(1). Monroe remained a fugitive for nearly ten years until law enforcement officers arrested him in 2003. He entered into a plea agreement in which he pleaded guilty to the drug charge in exchange for dismissal of the firearm charge. After entering a plea of guilty, but before sentencing, Monroe again fled. When he was rearrested seven months later, the district court sentenced him to 192 months' imprisonment, 5 years' supervised release, and a $100 special assessment. Monroe filed a pro se notice of appeal despite the fact that the plea agreement included an

unconditional waiver of his right to appeal his conviction and sentence. Monroe's counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Monroe has responded to the motion under Circuit Rule 51(b), and we confine our review to the potential issues identified in counsel's facially adequate brief and Monroe's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel analyzes five potential issues for appeal when he need address only one: whether the appeal waiver contained in the plea agreement precludes this appeal. Counsel ultimately concludes that it does; we agree. Neither counsel, nor Monroe in his response, informs us that Monroe wishes to withdraw his guilty plea and face the possibility of a conviction on both counts one and two of the indictment. Therefore counsel was not required to explore the validity of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). Because Monroe does not seek to withdraw his guilty plea it follows that he is also bound by his appeal waiver. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (waiver of appeal "stands or falls" with the plea). His waiver precludes a challenge to "any aspect of [Monroe's] conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law." And though Monroe agreed to that waiver before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we have held that such waivers are nonetheless enforceable absent an explicit "escape hatch" in the plea agreement. *United States v. Bownes*, 405 F.3d 634, 636–37 (7th Cir. 2005). Monroe's waiver allows no exception, and thus we could not reach the other potential issues identified by counsel or Monroe.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.