UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 25, 2006[*]
Decided May 26, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4106

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States<br>District Court for the<br>Central District of Illinois. |
| *v.* | |
| | No. 04-20057 |
| CLEVELAND JEFFERSON,<br>*Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Cleveland Jefferson appeals the 51-month sentence imposed on his conviction for mail fraud.  *See* 18 U.S.C. § 1341.  Jefferson was president of both the statewide and Champaign County chapters of the NAACP, and executive director of the Champaign-Urbana Area Project ("CUAP"), a non-profit organization created to serve at-risk youth and their families.  Between November 1998 and May 2003, he used

---

[*] We granted the parties' joint motion to waive oral argument. Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(f).

these positions to steal more than $118,000 from the three organizations. He pleaded guilty pursuant to a written plea agreement in which he waived "the right to appeal all issues . . . except the court's decision regarding whether the defendant misrepresented himself as acting on behalf of a charitable organization." In calculating the advisory range under the sentencing guidelines, the district court began with a base offense level of 7, *see* U.S.S.G. § 2B1.1(a)(1), and added eight levels because the loss was between $70,000 and $120,000, *see id.* § 2B1.1(b)(1)(E). The court also applied the two-level upward adjustment under subsection (b)(8)(A) for offenses that involved a "misrepresentation that the defendant was acting on behalf of" a charitable organization, since part of the funds that Jefferson stole came from a grant he obtained from the NAACP's national chapter by falsely stating that the money was needed for a "get-out-the-vote" drive. In addition the court applied two-level upward adjustments for using sophisticated means, *see id.* § 2B1.1(b)(9)(C), and for abusing a position of trust, *see id.* § 3B1.3. And based upon Jefferson's violation of the conditions of his pretrial release, the district court also applied a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1, and denied a credit for acceptance of responsibility under U.S.S.G. § 3E.1.1. The court concluded that Jefferson's total offense level was 23, which, coupled with his criminal history category of I, resulted in a guidelines imprisonment range of 46 to 57 months. The district judge adopted the government's recommendation of 51 months, but noted that without the recommendation he probably would have given a more severe sentence because of the impact of Jefferson's actions on the NAACP and CUAP.

On appeal Jefferson raises three challenges to his sentence. He argues that the district court erred in: 1) applying the upward adjustment for misrepresenting himself as acting on behalf of a charitable organization, 2) applying that adjustment while also applying the adjustment for abuse of a position of trust, and 3) applying the adjustment for obstruction of justice and denying acceptance points. We will consider only the first argument, because the appeal waiver in Jefferson's plea agreement precludes appellate review of any other issue. *See, e.g., United States v. Roche*, 415 F.3d 614, 617 (7th Cir. 2005); *United States v. Whitlow*, 287 F.3d 638, 640-41 (7th Cir. 2002).

With respect to the first question, Jefferson argues that he made no false appeals to the charitable impulses of donors because the grant money he obtained from the NAACP National Voter Fund was not solicited from the public in response to his request. It was, he says, simply "diverted" from existing funds. But we have held that subsection 2B1.1(b)(8)(A) should be interpreted broadly as applying to a wide variety of fraud cases, and we have declined to hold that the defendant's action must "exploit the 'generosity' and 'charitable motives' of his victim." *United States v. Ferrera*, 107 F.3d 537, 541-42 (7th Cir. 1997) (quoting and distinguishing *United States v. Frazier*, 53 F.3d 1105, 1114 (10th Cir. 1995)). We have also emphasized that the guideline is

concerned with the social harm that stems from this conduct. *Id*. at 542. Here Jefferson solicited funds by playing on his ties to a charitable organization. Neither he nor the Champaign County chapter had any preexisting entitlement to the grant from the Voter Fund. We see no reason why it should matter that Jefferson misrepresented his intentions to an incorporated entity rather than a natural person.

Accordingly, the sentence of the district court is **AFFIRMED**.