**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006
Decided November 15, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1886

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 05 CR 30040 |
| LEROY L. SCOTT, JR., *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

Leroy Scott, Jr. pleaded guilty to aiding and abetting voter fraud, *see* 42 U.S.C. § 1973i(c), and was sentenced to ten months' imprisonment. In his plea agreement Scott waived his right to appeal his conviction or sentence so long as his sentence was within the applicable advisory guidelines range as determined by the district court, which it was. Scott appealed anyway, and his counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Scott has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Our review is thus limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers generally whether Scott could argue that his guilty plea was not knowing or voluntary. But counsel also informs us that Scott has never indicated that he wanted to withdraw his guilty plea. Thus, counsel should not have considered this argument. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next considers whether Scott could challenge his sentence, but correctly notes that any such challenge would be rendered frivolous by the broad waiver of appeal included in his plea agreement. *See United States v. Lockwood*, 416 F.3d 604, 607-08 (7th Cir. 2005) (enforcing defendant's appeal waiver that was made knowingly and voluntarily); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (noting that waiver of appeal "stands or falls" with the plea).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.