NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 25, 2007
Decided April 25, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-4074

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 1:05-CR-66 |
| GREGORY BURT, *Defendant-Appellant.* | Theresa L. Springmann, *Judge.* |

**O R D E R**

Gregory Burt sold crack cocaine to a confidential informant in Fort Wayne, Indiana, on two occasions.  Fort Wayne police officers obtained a search warrant for Burt's apartment after the second sale, and during their search, found a large amount of crack cocaine, several crack pipes, and a loaded .22 caliber handgun.  In September 2005 Burt was indicted on one count of possessing and one count of distributing crack cocaine.  *See* 21 U.S.C. § 841(a)(1).  Burt pleaded guilty to possessing crack cocaine in August 2006, and the district court sentenced him to 151 months' imprisonment, the low end of the advisory guidelines range.  As part of his plea agreement, Burt expressly waived the right to appeal his conviction and sentence "to any Court on any ground, including any claim of ineffective assistance of counsel . . . ."  Despite the waiver, Burt filed a notice of appeal.  His appointed

lawyer now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is facially adequate, and Burt has not responded to counsel's motion, *see* Cir. R. 51(b), so we limit our review of the record to the potential issues counsel has identified. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first questions whether Burt might withdraw his plea. But, as counsel notes, Burt has never expressed a desire to withdraw his plea so any discussion about the plea would be inappropriate. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel also considers challenging Burt's sentence, or raising an ineffective assistance of counsel claim, but given the broadly worded appeal waiver, we agree that these potential arguments would be frivolous. *See United States v. Lockwood*, 416 F.3d 604, 607-08 (7th Cir. 2005); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.