NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 3, 2007
Decided May 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 07-1058

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 06-30052-MJR |
| MAURO PIÑA-GONZALEZ, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

## O R D E R

Mauro Piña-Gonzalez, a Mexican citizen, pleaded guilty to being in the United States without permission after his removal.  *See* 8 U.S.C. § 1326(a).  Piña-Gonzalez had been removed after he was convicted of the statutory rape of a 13-year-old girl, whom he also impregnated.  The district court calculated a guidelines imprisonment range of 46 to 57 months and sentenced Piña-Gonzalez to 57 months.  The court explicitly rejected the requests of both the government and defense counsel that he receive a sentence at the bottom of the range; the court noted that Piña-Gonzalez was still serving probation for the statutory rape when he committed the immigration violation, and that his young victim was with him when he was arrested, despite a court order prohibiting him from contacting her.

As part of a written plea agreement, Piña-Gonzalez waived the right to

appeal his conviction and any sentence within the guidelines range. Despite this waiver, Piña-Gonzalez directed his appointed counsel to appeal his sentence, but counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Piña-Gonzalez was invited to respond to counsel's motion, *see* Cir. R. 51(b), but his only response was to request the appointment of new counsel. Our review of the record is thus limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel identifies two possible grounds on which Piña-Gonzalez could attack his sentence, but the appeal waiver makes both frivolous. An appeal waiver is enforceable if knowing and voluntary, *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005), so Piña-Gonzalez cannot proceed with this appeal unless he can overcome his waiver. And Piña-Gonzalez cannot contest the waiver without challenging his guilty plea, *see United States v. Cieslowski*, 410 F.3d 353, 361-62 (7th Cir. 2005); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002), which Piña-Gonzalez has not indicated that he wishes to do. Thus, any argument relating to his sentence would be frivolous.

Counsel also considers whether Piña-Gonzalez could argue that he received ineffective assistance of counsel. Any such claim, however, is better suited to collateral attack, at which time a full record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, and Piña-Gonzalez's filing, which we construe as a motion for the appointment of substitute counsel, is DENIED. This appeal is DISMISSED.