**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2007
Decided July 3, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-4393

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 06-CR-35 |
| MOUSHEN LASSILA, *Defendant-Appellant.* | William C. Griesbach, *Judge.* |

## O R D E R

Moushen Lassila led several conspirators who manufactured fraudulent credit cards and stole $1.5 million in merchandise. He pleaded guilty to conspiracy to commit wire fraud, 18 U.S.C. §§ 1349, 1343, and was sentenced within the guidelines range to 125 months' imprisonment. As part of a written plea agreement, Lassila waived the right to appeal his sentence except on a few limited grounds that are not relevant here. Despite this waiver, Lassila directed his appointed counsel to appeal his sentence, but counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Lassila has responded that he wants to challenge his sentence, *see* Cir. R. 51(b), but he does not add to the potential arguments evaluated by counsel.

Our review is thus limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel identifies two possible grounds on which Lassila could challenge his sentence, but the appeal waiver makes both frivolous. An appeal waiver is enforceable so long as it is knowing and voluntary. *See United States v. Lockwood,* 416 F.3d 604, 608 (7th Cir. 2005). Lassila cannot contest the voluntariness of his waiver unless he challenges his guilty plea, *see United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2002), which he has not indicated that he wishes to do.

Accordingly, counsel's motion to withdraw is GRANTED and Lassila's motion for appointed counsel is DENIED. The appeal is DISMISSED.