NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009
Decided June 29, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3423

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| v. | No. 3:06CR00038-004 |
| DERRICK FRANKLIN, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

Derrick Franklin pleaded guilty to conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). He filed a notice of appeal, but his appointed counsel is unable to discern a nonfrivolous basis for appeal and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Franklin opposes counsel's motion to withdraw, *see* CIR. R. 51(b), and proposes to argue on appeal that the district court improperly labeled him a career offender in calculating his imprisonment range under the sentencing guidelines.

Franklin's plea agreement includes an appeal waiver, and since it is clear from his

Rule 51(b) response that he does not wish to challenge his guilty plea, *see United States v. Knox*, 287 F.3d 667, 672 (7th Cir. 2002), neither can he argue that the appeal waiver is not binding, *see, e.g., United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Behrman*, 235 F.3d 1049, 1051-52 (7th Cir. 2000). The waiver is limited in scope, however, and counsel explores whether Franklin could argue that its language does not foreclose him from contesting his designation as a career offender. The waiver provides that Franklin cannot appeal if the district court adopted the parties' sentencing stipulations and sentenced Franklin "to a term of imprisonment within the guideline range determined in accordance therewith." In counsel's view these conditions were satisfied, but we do not share his certainty. The parties did not stipulate that Franklin *is* a career offender; they simply agreed that his base offense level would be 34 if the district court concluded, over Franklin's objection, that he is a career offender. It seems a stretch to conclude, as would be necessary to enforce the waiver, that the district court was applying a stipulation between the parties when it found that Franklin was a career offender. We will enforce an appeal waiver when it is unambiguous, but it would not be frivolous for Franklin to argue that the language of the waiver in this case is ambiguous. *See United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007); *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).

But whether or not the appeal waiver applies, the career-offender argument that Franklin wants to pursue would be frivolous. Franklin proposes to argue that a 1990 robbery conviction relied upon by the district court in designating him as a career offender is too remote in time to count under the sentencing guidelines. A sentencing court may consider, for purposes of labeling a defendant a career offender, prior convictions for crimes of violence or drug offenses that resulted in sentences of imprisonment exceeding one year and one month that were either imposed within fifteen years of the "commencement of the instant offense" or that resulted in the defendant being incarcerated during that period. U.S.S.G. § 4A1.2(e); *United States v. Hillsman*, 141 F.3d 777, 779 (7th Cir. 1998). Franklin would contend that his 1990 conviction satisfied neither possibility.

We have not decided, for a conspiracy offense, whether the "commencement of the instant offense" refers to when the conspiracy began or instead to when the defendant joined or became an active participant. Other circuits have determined that, for guidelines purposes, a conspiracy offense commences when the defendant joins or first engages in relevant conduct. *See United States v. Saikaly*, 207 F.3d 363, 371-72 (6th Cir. 2000); *United States v. Cornog*, 945 F.2d 1504, 1509-10 (11th Cir. 1991). Franklin pleaded guilty to participating in a conspiracy that began in November 2004, but he testified at his plea hearing—without contradiction by the government—that he did not join the conspiracy until July 2006, more than 15 years after he was sentenced on the 1990 conviction. Still, even assuming that July 2006, rather than November 2004, is the correct time to count back from, Franklin's proposed argument would be frivolous. The probation officer recounted

in the presentence investigation report that Franklin was not paroled from prison on the 1990 robbery conviction until 1993. A presentence report bears sufficient indicia of reliability and may be relied upon by the sentencing court unless the defendant offers evidence calling into question its accuracy. *See, e.g., United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008); *United States v. Schroeder*, 536 F.3d 746, 752 (7th Cir. 2008). Franklin did not dispute the probation officer's information about his parole date, which puts him within the 15-year window. Accordingly, it would be frivolous for Franklin to argue that the robbery conviction should not have been used to label him a career offender.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.