**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2671

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:08-cr-10096-001 |
| DONNELL ROBINSON, JR., *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Donnell Robinson, Jr., pleaded guilty to distributing more than five grams of crack, and the district court sentenced him to 120 months' imprisonment, the mandatory minimum given Robinson's prior felony drug convictions. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). Robinson's plea agreement included a waiver of his right to appeal his conviction and sentence. Robinson appealed nonetheless, and his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he concludes that the appeal is frivolous. Robinson did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Robinson could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy, but Robinson has given no indication that he

wishes to have his guilty plea set aside, so counsel should have omitted this discussion. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). And because Robinson does not contest the validity of his plea, the appeal waiver must stand. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Accordingly, we agree with counsel that any potential arguments on appeal would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.