**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shana SAIN, Defendant–Appellant.**

**No. 09–4027.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 17, 2010.

Decided March 18, 2010.

Bradley P. Shepard, Attorney, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Juval O. Scott, Attorney, Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Shana Sain, Crown Point, IN, pro se.

Before RICHARD A. POSNER, Circuit Judge, DANIEL A. MANION, Circuit Judge and DAVID F. HAMILTON, Circuit Judge.

### ORDER

Shana Sain owned a transportation company that partnered with Indiana Medicaid to provide services to eligible patients. Over a two-and-a-half-year period, Sain overbilled for her services, defrauding the agency of nearly a quarter of a million dollars. She pleaded guilty to health-care fraud, 18 U.S.C. § 1347, and, in her plea agreement, stipulated to an offense level of 15 and waived the right to appeal her sentence as long as the district court sentenced her within or below the advisory guideline range for that offense level. Sain's criminal-history category of IV produced a guidelines imprisonment range of 30 to 37 months, and the district court sentenced her to a 30–month prison term. Sain appeals nonetheless, and her appointed counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he concludes that the appeal is frivolous. Sain did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Sain does not wish to have her guilty plea set aside, so counsel properly omits any discussion of the voluntariness of her guilty plea or the adequacy of the plea colloquy. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). The appeal waiver stands or falls with the plea, *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir.2008); *United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir.2002), and Sain's waiver precludes her from challenging her within-guidelines sentence. Accordingly, we agree with counsel that any potential arguments on appeal would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.