NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3853

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-cr-30022-001 |
| | |
| ARTURO RAMIREZ, JR., | Jeanne E. Scott, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Arturo Ramirez, Jr., pleaded guilty to possession of a controlled substance with the intent to distribute. See 21 U.S.C. § 841(a)(1). He was sentenced to 300 months' imprisonment. He appeals, but his appointed counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he cannot identify any nonfrivolous issues to raise on his client's behalf. Ramirez objects to counsel's motion. See CIR. R. 51(b). Confining our review to the potential issues identified in counsel's facially adequate brief and Ramirez's objection, see *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion to withdraw and dismiss Ramirez's appeal.

Ramirez was behind the wheel of a tractor-trailer truck when a police officer pulled him over for driving with a broken windshield. Ramirez consented to a search of the trailer. Inside, the officer uncovered bales of marijuana and a container of cocaine hidden among

boxes of avocados. Ramirez admitted that he had been paid to transport the drugs cross-country.

After his motion to suppress evidence was denied, Ramirez agreed to plead guilty to possession of a controlled substance with the intent to distribute. See 21 U.S.C. § 841(a)(1). He further agreed to waive his right to appeal his conviction and sentence. A magistrate judge thoroughly reviewed the agreement with Ramirez and explained each of the considerations enumerated in Federal Rule of Criminal Procedure 11(b)(1). Concluding that Ramirez's plea was knowing and voluntary, the magistrate judge recommended accepting the agreement. The district judge adopted the recommendation.

Five months later Ramirez filed a pro se motion to withdraw his guilty plea. He argued that the government had not signed the agreement in his presence and that his lawyer had been ineffective during the suppression hearing. The magistrate judge recommended denying the motion, reasoning that, because Ramirez was represented by counsel, the court had no obligation to accept his pro se filing. But even if the motion were properly before the court, the magistrate judge continued, Ramirez had not established any fair or just reason to withdraw his plea. In particular the magistrate judge concluded that Ramirez's assertion that his lawyer was ineffective not only lacked support in the record but also contradicted the sworn statements he made during the change-of-plea colloquy. Again the district judge adopted the recommendation.

We are somewhat puzzled by counsel's representation that "Mr. Ramirez has not instructed [him] to find some reason to set aside the plea agreement." (Br. at 13.) If that were so, then counsel would have no duty to discuss—and we would not review—the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). But in his Rule 51(b) submission Ramirez unambiguously declares "I do need [counsel] to argue my Motion to withdraw my Guilty Plea." And indeed elsewhere in his brief counsel considers arguing that Ramirez's plea must be set aside, either because it failed to comply with the requirements of Rule 11 or because Ramirez's pro se motion to withdraw the plea should have been granted. Our review of the record, however, confirms counsel's assessment that the magistrate judge fully complied with Rule 11 during the change-of-plea colloquy. See *Schuh*, 289 F.3d at 974. As for Ramirez's pro se motion to withdraw his plea, counsel properly notes that his client had no "right" to file a pro se motion while he was represented by a lawyer. See *United States v. Patterson*, 576 F.3d 431, 436-37 (7th Cir. 2009) (internal citation omitted). We would not conclude that the district court abused its discretion in refusing to allow this "disfavored" form of hybrid representation. See *id*. Thus it would be frivolous to argue that Ramirez's plea agreement must be set aside. And because his appeal waiver "stands or falls with the rest of the

bargain," see *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002), any additional appellate arguments—about either the suppression hearing or Ramirez's sentence—would be frivolous too.

Ramirez's Rule 51(b) response does renew his allegations that his lawyer performed ineffectively during the suppression hearing. But any further pursuit of this claim, whether by appeal or collateral attack, is also barred by the waiver.

We GRANT counsel's motion to withdraw and DISMISS Ramirez's appeal.