NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2020
Decided September 3, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2271

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:18CR127-001 |
| HOWARD FLEMING, III,<br>*Defendant-Appellant*. | Jon E. DeGuilio,<br>*Chief Judge*. |

**O R D E R**

Howard Fleming pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and possessing a firearm as a felon, 18 U.S.C. § 922(g), and received a sentence of 97 months' imprisonment. Although, in his plea agreement, Fleming expressly waived his right to appeal his conviction and "all components of his sentence," he filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because her analysis appears thorough, and Fleming has not responded to her motion, *see* CIR. R. 51(b), we limit our

review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel consulted with Fleming about whether he would like to withdraw his plea and the risks of doing so. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Fleming proposed arguing that his plea is invalid because the district court did not confirm what we now know to be an element of his § 922(g) charge: At the time he possessed the firearm, Fleming knew that he had a prior conviction for a crime punishable by a term of imprisonment greater than a year. *See Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) (*Rehaif* "requires knowledge only of status, not knowledge of the § 922(g) prohibition").

Counsel appropriately concludes that this argument would be frivolous. Because Fleming did not move to withdraw his plea in the district court, we would review the validity of the plea for plain error. *See United States v. Payne*, 964 F.3d 652, 655 (7th Cir. 2020). We have said that the failure to advise a defendant that the government would have to prove his knowledge of his felon status is a clear error. *See id.* But to establish prejudice, Fleming would need to show that there is a reasonable probability he would have insisted on going to trial (or held out for a better deal) if he had known of the *Rehaif* requirement. *See United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). Such a probability exists if a reasonable jury could believe that a defendant was ignorant of his prior felony conviction. *Payne*, 964 F.3d at 655. Fleming previously spent more than a year in prison on a three-year sentence for an aggravated battery, so it is implausible that when he committed the current offense, he was unaware that he had a prior conviction for a crime punishable by more than a year in prison. *See Williams*, 946 F.3d at 973. Therefore, any argument that the *Rehaif* error affected Fleming's substantial rights or the fairness of the proceedings would be futile. *See United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020).

Counsel next considers whether Fleming could challenge his sentence but rightly concludes that doing so would be frivolous given the explicit waiver of his right to appeal. An appeal waiver "stands or falls" with the plea agreement of which it is part. *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) (quoting *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002)). If a defendant knowingly and voluntarily entered into the agreement, therefore, the waiver is enforceable. *See id.*

Here, as counsel explains, the magistrate judge who conducted the change-of-plea hearing and recommended that the district judge accept the plea

ensured that Fleming understood the appeal waiver and the rights that he gave up by pleading guilty. *See* FED. R. CRIM. P. 11; *United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014). We note that the magistrate judge omitted certain admonishments from the Rule 11 colloquy, but the omissions cannot be said to have affected the voluntariness of the plea. The magistrate judge did not inform Fleming that non-citizens may be removed from the United States if convicted or that the district court could order restitution or forfeiture. *See* FED. R. CRIM. P. 11(b)(1)(J),(K),(O). But because Fleming is a citizen and the district court ordered neither, these admonishments were irrelevant. It would be frivolous to argue that Fleming was prejudiced by their omission.

Finally, counsel rightly rejects the argument that there is a basis for not enforcing the appeal waiver. *See United States v. Campbell*, 813 F.3d 1016, 1017 (7th Cir. 2016). Fleming's sentence is below the statutory maximum, and the court did not consider any constitutionally impermissible factors at sentencing. *See id.* at 1018.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.