**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 19, 2006
Decided July 19, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1937

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>   *Plaintiff-Appellee,* <br><br>    *v.* <br><br> NELSON DELGADO, <br>   *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 98-CR-182-2 <br><br> David H. Coar, <br> *Judge.* |

**O R D E R**

Nelson Delgado was charged in 1998 with conspiracy to possess heroin with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), but after his release on bond he absconded and remained a fugitive for more than four years until his arrest in Miami, Florida.  In March 2003, after he was remanded from Florida to the Northern District of Illinois, Delgado pleaded guilty to the conspiracy charge.  In their written plea agreement, both parties agreed to recommend a sentence at the low end of the guidelines range or the 10-year minimum mandatory, whichever was higher, and Delgado waived his right to appeal any sentence "within the maximum provided by the statute of conviction."

The plea agreement included no provision for a sentence reduction under U.S.S.G. § 5K1.1.  After Delgado entered his guilty plea, however, the government

moved for a "downward departure" under that guideline to reflect the help he gave Florida prosecutors after his return to Illinois. In its motion the government proposed a sentence equal to 85% of the lower of the statutory minimum or, if applicable, the bottom of the guidelines range. Delgado, however, responded by moving in December 2003 to vacate his guilty plea; he essentially contended that the parties had reached an undisclosed agreement that the assistance he provided in Florida and to federal authorities investigating unrelated matters in Chicago would earn him a reduction of 25% to 33% off the statutory minimum or the low end of the guidelines range. The government replied that the parties had done nothing more than engage in preliminary discussions about a downward departure. In January 2004 the district court held a hearing on Delgado's motion, but before the court reached a final decision, Delgado changed lawyers and withdrew his challenge to his guilty plea.

At sentencing the district court calculated an advisory guidelines range of 151 to 188 months' imprisonment. The court then accepted the government's recommendation of a "downward departure" equal to 85% of the bottom of the guidelines range, or 126 months.

Delgado has filed an appeal, but his appointed appellate counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous argument to pursue. We invited Delgado to respond to counsel's motion, *see* Cir. R. 51(b), but he has not. We therefore review only the potential issues identified by counsel in his facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Delgado could argue that his guilty plea must be set aside, either because of noncompliance with Federal Rule of Criminal Procedure 11 during the plea colloquy, or because his motion to withdraw the plea should have been granted. Counsel, though, gives no indication that Delgado any longer desires that his guilty plea be set aside, and thus counsel should not have addressed this potential challenge in his *Anders* submission. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). In any event, counsel's brief demonstrates that the district court substantially complied with the requirements of Rule 11. *See United States v. Schuh*, 289 F.3d 968, 974-75 (7th Cir. 2002). Moreover, Delgado's motion to withdraw his guilty plea could not provide an avenue for appeal. Delgado abandoned that motion before the district court had finally resolved it, and, consequently, Delgado ratified his original guilty plea and cured any doubt about the adequacy of the plea colloquy or the government's conduct. *See United States v. Darling*, 766 F.2d 1095, 1101 (7th Cir. 1985) ("A decision to withdraw a motion to withdraw a guilty plea is in effect a reaffirmation of the original plea."); *accord Doe v. United States*, 51 F.3d 693, 700-01 (7th Cir. 1993). Thus, we agree with counsel that a challenge to Delgado's guilty plea would be frivolous.

Counsel next considers whether Delgado could challenge his prison term on unreasonableness grounds, but correctly concludes that any such argument is precluded by the broad appeal waiver included in his plea agreement. That agreement provides, with certain exceptions not present here, that Delgado "knowingly waives the right to appeal any sentence within the maximum provided by the statute of conviction." Because the appeal waiver stands or falls with the guilty plea itself, counsel properly concludes that any argument not reserved in the appeal waiver would be frivolous. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Finally, counsel mentions the possibility of arguing that Delgado did not have the benefit of constitutionally adequate counsel in the district court. We frequently have said that claims of ineffective assistance of counsel are more appropriately raised in a collateral proceeding under 28 U.S.C. § 2255 where the record can be further developed. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). We see no reason to deviate from that stance here.

Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.