**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006
Decided September 25, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 04-2638 | |
| | Appeal from the United States District Court for the Northern District of |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Illinois, Eastern Division. |
| *v.* | No. 02 CR 378 |
| RAMON EDUARDO VASQUEZ, *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Ramon Vasquez and his codefendant were arrested after they retrieved a brick of cocaine from a storage facility where agents discovered another 50 kilograms of cocaine and eight guns. Vasquez eventually pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of powder cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii). As part of his plea agreement, which resulted in the dismissal of three other charges, Vasquez waived his right to appeal his sentence "on any ground whatever." The district court calculated a guidelines imprisonment range of 168 to 210 months and sentenced Vasquez to 170 months' imprisonment and five years' supervised release. Vasquez filed a notice of appeal, but appellate counsel appointed by this court moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he cannot discern any nonfrivolous arguments to pursue. We invited Vasquez to respond to counsel's brief, *see* Cir. R. 51(b), but he has not done so. Accordingly, we will consider only those potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Vasquez wishes to argue that his guilty plea should be set aside on the ground that trial counsel misled him into believing that his offense level would not be increased two levels for his possession of the guns in the storage unit. *See* U.S.S.G. § 2D1.1(b)(1). Accordingly, it is proper for appellate counsel to evaluate the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Normally, the district judge's substantial compliance with Fed. R. Crim. P. 11 establishes that a guilty plea is knowing and voluntary. *See* Fed. R. Crim. P. 11(h); *United States v. Dominguez-Benitez*, 542 U.S. 74, 80 (2004); *Schuh*, 289 F.3d at 975. But since Vasquez did not move to withdraw his plea in the district court, our review would be for plain error only. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

In the written plea agreement, Vasquez not only agreed that he possessed several firearms, but he expressly acknowledged that a two-level firearm adjustment would apply. At the plea colloquy, Vasquez informed the court that he had reviewed the plea agreement in full, that he had no questions or concerns about it, and that the facts pertaining to the guns were correct. Thus, to argue that he did not understand the sentencing consequences of the firearms, Vasquez would have to assert that he perjured himself before the district court. Any such argument could be dismissed out of hand. *See United States v. Peterson*, 414 F.3d 825, 826-27 (7th Cir. 2005). Moreover, the district judge ensured the voluntariness of Vasquez's guilty plea by taking steps to determine Vasquez's competence and in all other respects substantially complying with Rule 11. Accordingly, any argument that the plea agreement should be set aside would be frivolous. To the extent Vasquez wishes to argue that his trial counsel was ineffective for purportedly misleading him about the impact of the firearms on his sentence, such a claim would best be left for a collateral proceeding where the record could be further developed. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir.2003); *Knox*, 287 F.3d at 671.

Finally, counsel considers whether there is any basis on which Vasquez could attack his sentence. But in the written plea agreement Vasquez expressly waived his right to appeal any sentence imposed. Because the appeal waiver stands or falls with the guilty plea itself, counsel properly concludes that any argument not reserved in the appeal waiver would be frivolous. *See United States v. Inglese*, 282 F.3d 528, 540 (7th Cir. 2002); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.