UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006
Decided November 28, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2445

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 1:05-CR-26 WCL |
| JOSE LUIS COLAZO-GARCIA, *Defendant-Appellant.* | William C. Lee, *Judge.* |

## O R D E R

Jose Luis Colazo-Garcia, a citizen of Mexico, has been deported four times in the past twelve years, including in 1997 after a conviction for armed robbery. In 2005 he pleaded guilty to again being in the United States without permission. *See* 8 U.S.C. § 1326(a). As part of his written plea agreement, Colazo-Garcia waived the right to appeal his conviction or sentence "on any ground" other than ineffective assistance of counsel relating to the waiver or its negotiation. The district court sentenced him to 77 months' imprisonment, the low end of the advisory guidelines range. Despite his waiver, Colazo-Garcia filed a notice of appeal, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is facially adequate, and Colazo-Garcia did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We thus

review only the potential issues identified in counsel's brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether to argue that a deficient plea colloquy rendered the guilty plea involuntary.  Although counsel's brief is somewhat ambiguous, it appears that Colazo-Garcia would like his guilty plea set aside, and we will thus address this potential argument.  *See United States v. Knox,* 287 F.3d 667, 671-72 (7th Cir. 2002).  Our review of the plea colloquy would be for plain error because Colazo-Garcia did not move to withdraw his plea in the district court.  *See United States v. Vonn,* 535 U.S. 55, 58-59 (2002); *United States v. Blalock,* 321 F.3d 686, 688 (7th Cir. 2003).  But the magistrate's thorough colloquy with Colazo-Garcia (which the district court later reviewed and approved) substantially complied with Rule 11 of the Federal Rules of Criminal Procedure, and is thus sufficient to assure us that the plea was knowingly and voluntarily entered.  *See Schuh,* 289 F.3d at 975.  We therefore agree with counsel that any challenge to the voluntariness of the plea would be frivolous.

Counsel next considers whether there exists any ground on which Colazo-Garcia could attack his sentence.  But in the plea agreement, Colazo-Garcia expressly waived his right to appeal the sentence imposed.  Because the appeal waiver stands or falls with the guilty plea itself, *see United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2003), counsel properly concludes that any argument not reserved in the appeal waiver would be frivolous.  We further agree with counsel that the one argument that was reserved in the waiver—ineffective assistance of counsel in negotiating the waiver—would be a claim better suited for collateral review where the record could be further developed.  *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.