NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 5, 2012
Decided December 5, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3879

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:10-CR-61-TLS |
| JORGE ROSAS, *Defendant-Appellant.* | Theresa L. Springmann, *Judge.* |

**O R D E R**

Jorge Rosas pleaded guilty to conspiring to distribute and possess with intent to distribute more than 50 grams of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846. In a written plea agreement Rosas waived his right to appeal his conviction and sentence and his right to claim ineffective assistance of counsel (unless it relates directly to the waiver or its negotiation). A magistrate judge thoroughly reviewed the agreement with Rosas, concluded that Rosas's plea was knowing and voluntary, and recommended accepting the agreement. The district judge adopted the recommendation and sentenced Rosas to 210 months, the bottom of the calculated guidelines range. Rosas then brought this appeal. His attorney asserts that this appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Rosas opposes counsel's motion. *See* Cir. R. 51(b). We

confine our review to the potential issues identified in counsel's facially adequate brief and in Rosas's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Rosas could challenge the validity of his guilty plea under Federal Rule of Criminal Procedure 11 but aptly rejects any such argument as frivolous. The transcript of the plea colloquy shows that the magistrate judge complied with the requirements of Rule 11, discussed the various rights Rosas would be giving up by pleading guilty, and ensured that the plea was voluntary. *See* FED. R. CRIM. P. 11; *United States v. Bowlin*, 534 F.3d 654, 656–57 (7th Cir. 2008); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

Counsel also considers two potential challenges to the sentence: first, whether Rosas could argue that the district court erroneously applied more than one two-level enhancement under U.S.S.G. § 2D1.1(b)(14), and second, whether Rosas could argue that his sentence is unreasonable. But in light of the appeal waiver, counsel correctly concludes that these challenges would be frivolous. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). At all events, as counsel notes, we presume that a within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel has not been able to identify any reason to disregard that presumption.

Rosas proposes arguing that his two trial attorneys gave him ineffective assistance. In particular Rosas accuses them of failing to explain the consequences of accepting responsibility for between 1.5 kilograms and 5 kilograms of methamphetamine; had he known that information, he argues, he would not have pleaded guilty. Rosas also asserts that his attorneys had a breakdown in communication, gave him conflicting information on his potential sentence, and badgered him into signing the plea agreement. But Rosas's appeal waiver bars all claims of ineffective assistance except those relating directly to the waiver or its negotiation. To the extent that Rosas's claim falls within this exception, we would decline to address it on direct appeal because claims of ineffective assistance are better suited to a collateral action under 28 U.S.C. § 2255 so that a fuller record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Waltower*, 643 F.3d 572, 579 (7th Cir. 2011).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.